EDMOND MINGO and Others v. WILLIAM D. HUNTINGTON and Another.[1]

April 15, 1904.

Nos. 13,823—(103).

**Construction of Bequest.**

A testator, after providing for his wife and other children, made a bequest to his insane daughter in these words: "I further give and bequeath the sum of one thousand dollars to my only other daughter [naming her], who is now in the Hospital for the Insane at St. Peter. this state, said amount to be paid her on the recovery of her sanity, provided that if she does not recover her reason or dies, then the amount is to be divided equally between her three children now living." *Held*, that the children are only entitled to the bequest in case their mother dies before recovering her reason, and that, until the possibility of her recovery is extinguished by her death, they cannot maintain an action to enforce the payment of the bequest to themselves.

Appeal by plaintiffs from an order of the district court for McLeod county, Cadwell, J., denying a motion for a new trial. Affirmed.

*Jay W. Crane,* for appellants.

*F. R. Allen,* for respondent Huntington.

*Edmond J. Mingo,* guardian of defendant Thresa Mingo, pro se.

START, C. J.[2]

This action was brought to recover from the defendant William D. Huntington, the residuary legatee in the will of his father, E. F. Huntington, deceased, $1,000 claimed to be due to plaintiffs by virtue of such will, and to enforce payment thereof by the sale of certain land upon which it was claimed to be a lien. The facts were found by the court

---

[1] Reported in 99 N. W. 45.      [2] DOUGLAS, J., ill, took no part.

as stipulated by the parties, and, as a conclusion of law therefrom, the court found that the plaintiffs were not entitled to any judgment whatever, but the defendants were entitled to judgment dismissing the action. The plaintiffs appealed from an order denying their motion for a new trial.

The facts are substantially these: On January 23, 1888, E. F. Huntington, of the county of McLeod, this state, who was then sixty four years of age, made his will, whereby he devised to his wife eighty acres of land, and gave to her certain personal property. The residue of his property of every kind he gave to his son, the defendant herein, William Dougald Huntington, whom he nominated as sole executor of his will. This residuary bequest was, however, subject to a bequest to each of his two daughters. To the first one he gave $600, and the will provided that, if she died before the legacy became due, it should be paid to the religious order of which she was a member. The bequest to the other daughter was in these words:

> I further give and bequeath the sum of one thousand dollars to my only other daughter Mrs. Thresa Ada Mingo, who is now in the Hospital for the Insane at St. Peter, this state, said amount to be paid her on the recovery of her sanity, provided that if she does not recover her reason or dies, then the amount is to be divided equally between her three children now living, share and share alike, and in case of the death of either of said children before his legacy becomes due and payable then the share of such deceased shall revert as follows, one-half of such share or shares to Edmond Mingo, their father, and one-half to my estate, and belonging to my son William Dougald. But I desire that the children of Thresa be not paid their legacies should they become due them until they reach legal age.

The testator died September 14, 1888. The will was duly admitted to probate, and on July 15, 1889, by a decree of the probate court of the proper county, the residue of the testator's estate was duly assigned. The eighty acres of land devised to the widow was by this decree assigned to her absolutely, and the residue of the testator's real estate was assigned to his son, William D. Huntington, "subject to the legacy of one thousand dollars to Mrs. Thresa Ada Mingo as provided under the

will of E. F. Huntington deceased." Mrs. Mingo is now insane, and has been ever since May 7, 1883; she having been duly committed on that day to the Minnesota Hospital for the Insane at St. Peter, where she has ever since been. The probability is that she will never recover "her sanity." She was made a party defendant to this action, and appeared, answered, and claimed the legacy, by her general guardian. One of her three children mentioned in the will died on March 15, 1894, intestate, without issue, having never married. Her estate has never been administered. Her father is her sole heir at law, and he and Mrs. Mingo's two surviving children are the plaintiffs in this action.

Do these facts show that the plaintiffs cannot at this time maintain an action for the recovery of this legacy of $1,000?. This is the only question presented by the record, and its answer involves a construction of the will so far as it relates to this particular legacy, for the decree of distribution assigns the residue of the estate subject to this legacy as provided in the will. The decree does not attempt to construe the terms or conditions of the legacy, but refers to the will for information on the subject. The question, then, is, what was the intention of the testator with reference to the legacy in question? To ascertain his intention, we must, as far as may be, place ourselves in his position at the time he made the will, and read the language used by him in the light of the facts then existing and known to him. He was then sixty-four years old, and died within eight months after making his will, and it may be reasonably inferred from these facts that the will was made in anticipation of his probable death within a few years, at least. He then knew that his daughter Mrs. Mingo had been insane, and in the hospital for the insane, for some five years, and that until she recovered she would be cared for by the state, as its ward; that her recovery was doubtful, but, further, if she did recover, and not otherwise, she would need and could appreciate his bounty. Now, under such circumstances he made his will, whereby he provided for his wife, his son, and his other daughter, and then as to his only other child he says: "I further give and bequeath the sum of $1,000 to my only other daughter Mrs. Thresa Ada Mingo, who is now in the Hospital for the Insane * * * said amount to be paid her on the recovery of her sanity, provided that if she does not recover her reason or dies, then the amount is to be divided equally between her three children now living." Can there then

be any fair doubt as to the meaning of these words? Can it be possible that this kind father, fully appreciating his duties and obligations to his poor, afflicted daughter, intended, as claimed by plaintiffs' counsel, that if, perchance, she recovered her reason before he died, she was to be paid the legacy, otherwise not? If she recovered after the death of her father, her need of the legacy would be greater than it would be if she recovered during his life, for, if such were the case, she would then have a father's care and protection. Again, can it be that this father intended, as claimed by counsel, by the words he used, in view of the circumstances under which they were used, that the legacy was not to be paid to his daughter unless she recovered within a reasonable time? Clearly such a provision cannot be read into the will.

Now, taking the will by the four corners, and reading the whole of it in the light of the circumstances under which it was made, it is clear that the intention of the testator was that the legacy should be kept intact for his daughter until all possibility of her recovery was foreclosed by her death, and that it was only in the event that she died before recovering her reason that her children were to take the legacy. We therefore hold that the bequest to Mrs. Mingo was a contingent one, payable to her "on the recovery of her sanity," but, if she dies before such recovery, then the amount of the bequest is to be paid to her children. Neither the contingency upon which the bequest is to be paid to Mrs. Mingo, nor the one upon which it is to be paid to her children, has occurred; hence the conclusion of the trial court that the action should be dismissed on the merits was correct.

The general guardian of Mrs. Mingo filed a brief in which it was claimed that the bequest should be paid to him as such guardian. A payment to the guardian would, in law, be a payment to her. She is not entitled to have the bequest paid to herself until she recovers. Therefore her guardian is not entitled to recover the payment for her.

Order affirmed.